IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETH CALDWELL            *
PHOTOGRAPHY, LLC.
28429 Honeysuckle Drive  *
Damascus, Maryland 20872
                         *
          *Plaintiff*
                         *
v.
                         *
FLORISTS' REVIEW MEDIA
GROUP, LLC               *

   **SERVE ON:**      *
6679 Duck Pond Lane
Sarasota, Florida 34240  *

and                      *       Civil Case No.:

JULIE L. GIBSON          *
6679 Duck Pond Lane
Sarasota, Florida 34240  *       **JURY DEMAND**

          *Defendants*   *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**COMPLAINT AND JURY DEMAND**

    Plaintiff Beth Caldwell Photography, LLC ("BCP") hereby files this complaint against Defendants Florists' Review Media Group, LLC ("Review") and Julie L. Gibson and demands a Jury on all issues triable by one:

**PARTIES**

    1.    Plaintiff BCP is a Maryland company with a principal address in Damascus, Maryland. BCP provides photography and editing services to individuals and business entities. A copy of Beth Caldwell Photography, LLC's Articles of Organization are attached hereto as Ex. 1.

    2.    BCP's published photographs are the subject of copyrights registered with the United States Copyright Office in accordance with Title 17 of the United States Code: 2020 Corona

Flowers, Reg. # VA0002466741 dated August 28, 2025; 2023 Beth Caldwell Photography, Reg. # VA0002466740 dated August 29, 2025; 2024 Plant Masters, Reg. # VA0002466742 dated August 28, 2025. Copies of these group registration certificates are attached hereto as Ex. 2.

3. Defendant Review is a Florida company that publishes editorial and photographic content for retail and wholesale florists, manufacturers, growers, and distributors. A copy of the Articles of Incorporation for Florida Homes Magazine, LLC, as well as the Articles of Amendment, changing the registered name to Florists' Review Media Group, LLC are attached hereto as Ex. 3.

4. Review conducts business at a national and international scale, including but not limited to the District of Maryland. A copy of the Florists' Review 2025 Media Kit (the "Media Kit") is attached hereto as Ex. 4. Per the Media Kit, Review distributes nationally and internationally "to flower professionals in the U.S., Canada, and beyond." *See id.* at p. 2. Presently, Review delivers to more than 5,000 print subscribers and receives more than 15,000 unique monthly visitors to its digital platform. *See id.* at p. 3. Moreover, Review's social media community engages more than 155,000 followers with more than 1,800,000 monthly views. *See id.* at p. 4.

5. Defendant Julie L. Gibson is a Florida resident. Ms. Gibson is the president and creative director of Review.

## JURISDICTION AND VENUE

6. This action arises, in part, under the Copyright Act of 1976, 17 U.S.C. § 101, et. seq., 15 U.S.C. § 1051, et seq., conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiffs' state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S. C. §§ 1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District;

(b) Defendants conduct business in this District; (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District; (d) the written agreements/contracts as identified and described more thoroughly below were entered into by the respective parties in this District; (e) the written agreements/contracts as identified and described more thoroughly below conferred jurisdiction in this District; and (f) Plaintiffs are residents of this District, has been and will continue to be damaged by Defendants' unlawful acts.

## FACTS

### I. The 2023 Infringement

8. In or around April 2023, Defendants commissioned a photoshoot from Plaintiff for use in volume 214, issue no. 7 of Review (the "July 2023 Issue"). At this time, Defendants provided Plaintiff with a price estimate of $150 for the entire photoshoot.

9. Upon completion of the photoshoot, Plaintiff sent Defendant the proofing gallery as well as a licensing agreement memorializing the terms of Defendants' use of the photographs. Defendants failed to respond to Plaintiff's licensing agreement.

10. In or around July 2023, Defendants published the July 2023 Issue. Defendants distributed print and digital copies of the July 2023 Issue to subscribers throughout the United States, including residents of this District.

11. Upon release of the July 2023 Issue, Plaintiff discovered that Defendants had concealed the scope of their use of the photographs in the July 2023 Issue. Defendants used 15 photographs from Plaintiff's photoshoot, including a cover image and images for a custom editorial story. Defendants also used Plaintiff's photographs extensively in digital materials promoting the July 2023 Issue.

12. On July 20, 2023, the Parties entered licensing negotiations concerning the scope of Defendants' use of Plaintiff's images in the July 2023 Issue of Review. Plaintiff reforwarded the licensing agreement with revised terms to account for the expanded use of its photographs in the July 2023 Issue. A copy of the Parties' correspondence is attached hereto as Ex. 5.

13. If Plaintiff had known that Defendants intended to use 15 photographs from the photoshoot, including a cover image, then it would never have agreed to the terms the Parties had outlined in or around April 2023. *See* Ex. 5, p. 3 ("At the time you sent the email, the number of images had not yet been decided, and the images were published prior to informing me of the specifics. Fifteen images were used in print and online. Breaking it down, that's $10 per image, which we both know is not fair compensation for a custom editorial story").

14. Ultimately, the negotiations failed after Defendants refused to accept the revised terms of the licensing agreement, fairly compensating Plaintiff for the photographs used in the July 2023 Issue. *See id.* at p. 5 ("I'm not paying you $1 more than agreed upon on the Zoom call…").

15. On July 28, 2025, Plaintiff sent Defendants an email (the "Terms Email"), accepting the $150.00 compensation for the photographs used in the July 2023 Issue and specifying the terms of their use. A copy of the Terms Email is attached hereto as Ex. 6.

16. Although the Terms Email applies only to the photographs used in the July 2023 Issue, it informs Defendants of the expected terms of use of Plaintiff's photographs in Review, including Defendants' permitted use of the photographs, restrictions and limitations of Defendants' exclusive rights, and Defendants' indemnification of Plaintiff. *See id.* at p. 3.

17. Upon information and belief, Ms. Gibson, in her role as creative director, selected the photographs and stories included in the July 2023 Issue of Review. As the 2023 negotiations

with Plaintiff demonstrate, Ms. Gibson also manages the design budget and communicates with contributors among other responsibilities. *See id.* at pp. 3-4.

## II. The 2025 Infringement

18. In or around July 2025, Defendants published volume 216, issue no. 7 of Review (the "July 2025 Issue"). The July 2025 Issue included numerous unauthorized uses of Plaintiff's photographs. A copy of the July 2025 Issue, as well as a table identified all instances of unauthorized use of Plaintiff's photographs is attached hereto as Ex. 7.

19. Defendants infringed on Plaintiff's copyright by publishing Plaintiff's photographs throughout the July 2025 Issue, including but not limited to the issue cover, without Plaintiff's authorization. Defendants distributed print and digital copies of the July 2025 Issue to subscribers throughout the United States, including residents of this District.

20. Defendants further infringed on Plaintiff's copyright by marketing and advertising the July 2025 Issue, including but not limited to social media posts.

21. Further still, Defendants failed to attribute numerous photographs used in the July 2025 Issue to Plaintiff. *See id.* at pp. 4, 32, 33, 34, 35.

22. On July 30, 2025, Plaintiff, through counsel, sent Defendants a Notice to Cease and Desist (the "Notice"), identifying the unauthorized use of Plaintiff's registered images. A copy of the Notice is attached hereto as Ex. 8. In the Notice, Plaintiff requested immediate and full compensation for the harm caused by the publication of unauthorized images in an amount of $25,000. *See id.* at p. 2. Plaintiff further requested the removal of all copies of the subject work from digital and physical platforms. *See id.* at p. 2.

23. On August 22, 2025, Defendants, through counsel, sent Plaintiff a response to the Notice (the "Response"). A copy of the Response is attached hereto as Ex. 9. In the Response,

Defendants admit liability for the infringing conduct. *See id.* ("My client was completely unaware the entity that sent her images for publication in the July 2025 issue of *Florists' Review* did not possess the proper rights to their publication").

24. Defendants infringed on Plaintiff's copyright with full knowledge of Plaintiff's expectations as to compensation, given the Parties' failed negotiations in 2023. Defendants knew or should have known that Plaintiff would not have permitted use of her photos without compensation or a licensing agreement.

25. Further, Defendants acted with full knowledge of the strictures of federal copyright law, owning substantial portfolios of intellectual property protected against infringement, as demonstrated by the "©" notices featured in each issue of Review. *See* Ex. 7, p. 5.

26. In the Response, Defendants further refuse to pay the requested compensation for injury, in an amount of $25,000. *See* Ex. 9. To date, Defendants have failed to pay Plaintiff any compensation for the unauthorized use of her photographs.

27. To date, Defendants have failed to remove all instances of unauthorized use of Plaintiff's images despite their promises that they have done so. A Facebook post from July 16, 2025, promoting the July 2025 Issue is still active on Review's Facebook page. A copy of this Facebook post is attached hereto as Ex. 10.

## COUNT I:
### Copyright Infringement (17 U.S.C. § 501)
### (Against All Defendants)

28. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29. Plaintiff is the owner of all copyright rights or rights to assert copyright claims for the photographs appropriated in the July 2025 Issue and all derivative works. *See* Ex. 2. Plaintiff

has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and all other laws governing copyright.

30. In or around July 2025, Plaintiff discovered that Defendants infringed on Plaintiff's copyright by publishing the July 2025 Issue, which used a number of Plaintiff's photographs protected by copyright. *See* Ex. 5, pp 1, 4, 30, 32, 33, 34, 35.

31. Upon information and belief, Ms. Gibson selected the subject photographs for use in the July 2025 Issue and incorporated such photographs into the July 2025 Issue without acquiring proper licensing from Plaintiff.

32. On July 30, 2025, Plaintiff, through counsel, sent Defendants the Notice, requesting immediate compensation and the removal of offending content. *See* Ex. 8, p. 2.

33. On August 22, 2025, Defendants, through counsel, sent Plaintiff the Response, admitting liability for publishing the photographs without authorization. *See* Ex. 9.

34. Copyright is a strict liability tort.

35. Further, Defendants failed to comply with the requests Plaintiff outlined in the Notice. To date, Defendants have failed to pay Plaintiff any compensation for the unauthorized use of its photographs. To date, Defendants have failed to remove all offending content from Review's digital platforms.

36. Defendants knew or should have known that Plaintiff would not have authorized use of its photographs without proper compensation and licensing, as Plaintiff established in the Terms Email. *See* Ex. 6; *see also* Ex. 5, pp. 3-4.

37. Plaintiff seeks actual or statutory damages, at its election, in an amount to be proven at trial for the infringement of the Original Work. Pursuant to 17 U.S.C. § 505, Plaintiff also seeks Plaintiff's attorneys' fees, costs, and pre-judgment interest.

WHEREFORE, Plaintiff respectfully asks this Court:

- Enter judgment against Defendant Florists' Review Media Group, LLC and Defendant Julie Gibson, for actual or statutory damages in an amount to be proven at trial, plus interest, attorneys' fees, the costs of this action, and prejudgment interest; and
- Grant any other such relief that it sees fit.

## COUNT II:
### Unjust Enrichment
### (Against All Defendants)

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. Plaintiff has, without consent, conferred a benefit on Defendants through their unauthorized use of Plaintiff's copyrighted works.

40. Defendants have received and continue to receive unjust benefit from their unauthorized use of Plaintiff's property in the July 2025 Issue and its promotional materials.

41. Defendants have knowingly appreciated the benefit of their unauthorized Plaintiff's copyrighted works.

42. Allowing Defendants to retain this unjust benefit, without payment of commensurate value to Plaintiff, would violate the fundamental principles of justice, equity, and good conscience.

43. Thus, any such enrichment is unjust and should, in equity, be returned to Plaintiff.

WHEREFORE, Plaintiff respectfully asks this Court:

- Enter judgment against Defendant Florists' Review Media Group, LLC and Defendant Julie Gibson, for the disgorgement and/or restitution of Defendants'

profits to Plaintiff, in an amount more than $75,000, plus interest, attorneys' fees, and the costs of this action; and

- Grant any other such relief that it sees fit.

Respectfully submitted,

/s/ Jan I. Berlage
Jan I. Berlage (23927)
Saxon M. Weimer (31035)
GOHN HANKEY & BERLAGE LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
(410) 752-1261
(410) 752-2519 (fax)
jberlage@ghsllp.com
sweimer@ghsllp.com
*Counsel for Plaintiff*